**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

WALLACE ROBINSON                                                    PLAINTIFF
ADC #169328

v.                              No. 4:19CV00780-DPM-JTR

MUNYAN, Nurse,
Faulkner County Detention Center, *et al.*                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Wallace Robinson ("Robinson"), an Arkansas Division of Correction ("ADC") inmate, has filed a *pro se* § 1983 Complaint and Amended Complaint. He alleges that, while he was being temporarily held at the Faulkner County Detention

Center ("FCDC"), Defendants violated his constitutional rights by refusing to approve and administer his prescribed medications. *Docs. 2 & 9.*[1] Before Robinson may proceed with this case, the Court must screen his claims.[2]

## II. Discussion

Robinson alleges that, before he arrived at the FCDC, medical personnel at the ADC had prescribed three medications for his "very unstable blood pressure": (1) HCTZ (hydrochlorothiazide), 25 mg. once a day; (2) amlodipine, 10 mg. once a day; and (3) carvedilol, 25 mg. twice a day.[3] While at the FCDC, on June 14, 2019, his head started hurting and he felt light-headed. He asked Defendant Corporal Huang ("Huang") for his "blood pressure and heart meds," and she said they had not been approved by "the nurse." Huang then called Defendant Nurse Munyan

---

[1]The Court has read Robinson's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[3]These medications are all used to treat hypertension. *See* https://www.drugs.com/drug_information.html.

2

("Munyan"), who told Huang to give Robinson ibuprofen, and said he had already told someone else not to issue Robinson his prescribed medications. According to Robinson, Munyan later denied that Huang ever called him. Robinson alleges that Munyan inaccurately characterized his prescribed medications as "controlled substances" and that ibuprofen, the only medication which Munyan allowed Robinson to have, "actually raises blood pressure." Robinson wrote a grievance about the matter. *Doc. 2 at 4-5, 7-9; Doc. 9 at 4.*

On June 15, 2019, Robinson again had a headache, felt dizzy, and had "mild" chest pains. Defendant Officer Kilpatrick ("Kilpatrick") took Robinson's blood pressure, which was "highly elevated" (157/118). Kilpatrick called Munyan and, after talking to him, offered Robinson ibuprofen. Robinson wrote another grievance about Munyan's refusal to approve his prescribed medications. *Doc. 2 at 5, 8-9; Doc. 9 at 5.*

According to Robinson, the actions of Munyan, Huang and Kilpatrick caused him to miss three doses of HCTZ and amlodipine, and five doses of carvedilol, which constituted deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. *Doc. 9 at 4.*

He also alleges that Defendants Faulkner County and the FCDC "Medical Contractor" contributed to the alleged constitutional violation by refusing to have medical staff present on weekends and by failing to properly train their officers and

medical staff. Robinson seeks damages and an injunction "ordering [the FCDC] to have medical staff on premises seven days a week." *Doc. 2 at 6; Doc. 9 at 4 & 6.*

### A.    Defendant Kilpatrick

In his Amended Complaint, Robinson asks that Kilpatrick be dismissed as a Defendant. *Doc. 9 at 5.* Accordingly, all claims against Kilpatrick should be dismissed, without prejudice.

### B.    Defendants Munyan and Huang

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To plead a viable inadequate medical care claim against Munyan and Huang, Robinson must allege facts establishing that: (1) he had "objectively serious medical needs"; and (2) subjectively, Munyan and Huang "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019).

A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v.*

4

*Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); *see Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; *see Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

5

1.    Defendant Munyan

For purposes of this Recommendation, the Court accepts that Robinson's high blood pressure, for which he was prescribed three medications, constitutes an objectively serious medical need. However, nothing in Robinson's pleadings establishes that Munyan ignored an acute or escalating medical condition or that Robinson's prognosis was adversely affected by the at most three-day delay in approving his prescribed medications.[4] Furthermore, Munyan did not deny all medical treatment to Robinson, instead authorizing the use of ibuprofen for his symptoms, which included a headache (on June 14) and mild chest pains (on June 15). Robinson's disagreement with Munyan's recommended course of treatment does not give rise to a constitutional violation.  In short, Robinson's allegations fail to demonstrate that Munyan was deliberately indifferent to his serious medical needs on June 14-15, 2019.

Because Robinson has not pled a viable inadequate medical care claim against Munyan, the Court recommends that Robinson's claim against Munyan be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

---

[4]According to Robinson, he first requested his medications on Friday, June 14, 2019, and Huang allegedly called Munyan between 8:40 and 8:50 p.m. that night. *See Doc. 2 at 5, 7 & 9.* Robinson's second request was on Saturday, June 15. *Id. at 8.* He alleges that, in all, he missed three doses of HCTZ and amlodipine, which he was to receive once a day, and five doses of carvedilol, which he was to receive twice a day. *Doc. 9 at 4.* Thus, he apparently started receiving his medications on Sunday, June 16 or, at the latest, Monday, June 17.

2.    Defendant Huang

Robinson's only allegation against Huang is that, after Robinson asked for his medications on June 14, Huang called Munyan, who said the medications had not been approved but that Robinson could have some ibuprofen. Rather than indicating that Huang deprived Robinson of any constitutional right, these facts show that Huang immediately took *affirmative steps* to facilitate Robinson's receipt of medical care. As a layperson, Huang was entitled to rely on the determination by Munyan, a trained medical professional, that the requested medications had not been approved but that ibuprofen could be offered. *See Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042-43 (8th Cir. 2006) (holding that "the law does not require a jailer to second-guess or disregard a [trained medical professional's] opinions or treatment recommendations").

Because Robinson has not pled a viable inadequate medical care claim against Huang, the Court recommends that Robinson's claim against Huang be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

**C.    Defendants Faulkner County and FCDC Medical Contractor**

Finally, Robinson alleges that Faulkner County refused to have medical staff present on weekends, and that the County and the FCDC Medical Contractor failed to properly train their officers and medical staff, all of which contributed to the

7

allegedly unconstitutional denial of medical care.[5] In this regard, he seeks an injunction "ordering [the FCDC] to have medical staff on premises seven days a week." *Doc. 9 at 4 & 6.*

Without a constitutional violation by the individual Defendants, there can be no liability on the part of Faulkner County or the FCDC Medical Contractor. *Smith v. Kilgore,* 926 F.3d 479, 486 (8th Cir. 2019); *Schoettle v. Jefferson County*, 788 F.3d 855, 861-62 (8th Cir. 2015) ("We have long held that neither municipal nor supervisory liability may attach in section 1983 actions unless individual liability is first found on an underlying substantive claim."). In addition, because Robinson is no longer incarcerated at the FCDC, his request for injunctive relief is moot. *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding that a prisoner's request for injunctive relief is rendered moot when he is transferred to another facility and is no longer subject to the allegedly unconstitutional conditions).

Accordingly, Robinson's claims against Faulkner County and the FCDC Medical Contractor should be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[5] Robinson's "official capacity" claims against Munyan and Huang are also treated as claims against the County. *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).

1.    Robinson's  request to dismiss Officer Kilpatrick be GRANTED, and that he be DISMISSED, without prejudice, from this action.

2.    Robinson's remaining claims against Corporal Huang, Nurse Munyan, Faulkner County, and the FCDC Medical Contractor, be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

3.    The dismissal of this case count as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

4.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 30th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE